■ SUZANNE T. KEMBER, Appellant-Respondent, v GERALD R. KEMBER, Respondent-Appellant.—In a matrimonial action, the parties cross-appeal, as limited by their notices of appeal and briefs, from so much of a judgment of divorce of the Supreme Court, Suffolk County, entered June 13, 1979, as determined that paragraph "SECOND" of their separation agreement was null and void and granted plaintiff the sum of $35 per week as alimony. Judgment reversed insofar as appealed from, on the law, with costs to plaintiff, the provisions declaring paragraph "SECOND" of the separation agreement void and awarding plaintiff alimony are deleted therefrom, and the action is remitted to Special Term for a new determination in accordance herewith. The separation agreement between the parties, which is dated August 4, 1976, contains the following provision with respect to alimony: "SECOND. Husband agrees to make alimony payments to his wife at the rate of $100.00 per week, which payments shall be made at the home of the wife on a weekly basis in a manner and at a time agreed upon by the parties hereto. Said alimony payments shall continue until the wife is able to obtain a full time employment in the teaching profession, or other full time employment producing income at least comparable to that which could be obtained by the wife in the teaching profession or for a period of three (3) years from the date of this Agreement, whichever shall occur first." Special Term found that the plaintiff was not under any duress at the time the separation agreement was executed, that the monetary settlement was fair and that there was no overreaching on the part of the husband. However, the court found that to the extent that the agreement purports to relieve the husband of his obligation to provide continuing support to the wife, the agreement contravened section 5-311 of the General Obligations Law and was void as against the public policy of this State. The court deemed the agreement valid with the exception of paragraph "SECOND" and granted the husband a conversion divorce. The court then examined the financial circumstances of the parties *de novo,* determined alimony as if the separation agreement did not exist insofar as it purported to relieve the husband of his obligation to support his wife, and awarded the wife the sum of $35 per week as alimony. Section 5-311 of the General Obligations Law provides, in pertinent part: "A husband and wife cannot contract * * * to relieve the husband from his liability to support his wife or to relieve the wife of liability to support her husband provided that she is possessed of sufficient means and he is incapable of supporting himself and is or is likely to become a public charge." We have held that the statute is unconstitutional insofar as it denies husbands and wives the right to contract to relieve the husband of his liability to support his wife *(Greschler v Greschler,* 71 AD2d 322). In her brief, the wife does not contest Special Term's determination that the separation agreement between the parties is valid; rather, she urges that *Greschler* should not be applied retroactively and that paragraph "SECOND" is invalid. We have no difficulty in applying *Greschler* to actions which were pending, including those in the appellate process, at the time we handed down that decision. We hold therefore that paragraph "SECOND" of the parties' separation agreement is valid. The matter is accordingly remanded to Special Term for a determination as to the amount of alimony, if any, which is owing to the plaintiff under that provision. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.